UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHIGAN ELECTRICAL
EMPLOYEES' PENSION
FUND, Trustees of, et al.,

      Plaintiffs,

v.

MARKEE ELECTRIC, INC., et al.,

      Defendants.
_____/

Case No. 19-cv-12714
Hon. Matthew F. Leitman

**CONSENT ORDER FOR (A) LIFTING ADMINISTRATIVE STAY AS TO RICK MARKEE, INDIVIDUALLY, AND (B) ENTRY OF CONSENT JUDGMENT IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANT MARKEE ELECTRIC, INC. ON COUNT I OF THE COMPLAINT, AND IN FAVOR OF PLAINTIFFS AND AGAINST DEFENDANTS MARKEE ELECTRIC, INC. AND RICK MARKEE, INDIVIDUALLY, JOINTLY AND SEVERALLY, ON COUNT II OF THE COMPLAINT**

This matter is presented on the consent of the parties. The parties having agreed to entry of this Consent Order, the Court being otherwise advised in the premises and the Court finding good cause for entry of this Order;

NOW THEREFORE;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.    The administrative stay of this case as to Defendant Rick Markee a/k/a Richard A. Markee, individually ("Rick Markee"), which was previously administratively closed on November 7, 2019 as to Rick Markee, individually,

only [Docket No. 12] due to his filing an individual Chapter 13 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of Michigan (Flint) (the "Bankruptcy Court"), Case No. 19-32571 (the "Chapter 13 bankruptcy proceeding") which stayed the Complaint against him, is lifted and is no longer in effect due to his filing a voluntary dismissal of the Chapter 13 bankruptcy proceeding and the entry of an order of the Bankruptcy Court dismissing same on April 23, 2020 [Bankruptcy Court Docket No. 60] and the corresponding termination of the automatic stay of 11 U.S.C. §362 of the United States Bankruptcy Code as to Rick Markee, individually.

2. Judgment is entered in favor of Plaintiffs and against Defendant Markee Electric, Inc. on Count 1 of the Complaint in the amount of $205,283.19[1] based on the breach by Defendant Markee Electric, Inc. of the applicable collective bargaining agreements entered into or adopted between Defendant Markee Electric, Inc. as employer, and the International Brotherhood of Electrical Workers Local Union Nos. 665 and 948 due to its failure to pay fringe benefit contributions and other amounts due thereunder, with interest to accrue on such amount from and after the date of entry of this Judgment at the applicable post-judgment interest rate

---

[1] Consisting of $175,436.84 in unpaid contributions for work performed from January 2015 through July 2019; $6,028.04 in interest; $12,992.42 in liquidated damages arising from audit (audit assessments); $10,516.52 in attorneys' fees and costs through December 9, 2019; and $309.37 in late payment assessments.

pursuant to 28 U.S.C. §1961, and Plaintiffs shall have full and immediate rights of execution thereon.

3. Judgment is also entered in favor of Plaintiffs and against Defendants Markee Electric, Inc. and Rick Markee, individually, jointly and severally, on Count II of the Complaint in the amount of $205,283.19, based on violations by the Defendants Markee Electric, Inc. and Rick Markee, individually, of the Michigan Building Contract Fund Act, MCL §§570.151, et seq. (the "Act") in obtaining and using money under false pretenses and the related defalcation by Defendant Rick Markee, individually, while serving in a statutory fiduciary capacity wherein he misappropriated and/or misused funds owing to Plaintiffs for his own benefit or other purposes and not for the purpose of paying fringe benefit contributions accrued by the employees of Defendant Markee Electric, Inc. in violation of the Act, with interest to accrue on such amount from and after the date of entry of this Judgment at the applicable post-judgment interest rate pursuant to 28 U.S.C. §1961, and Plaintiffs shall have full and immediate rights of execution thereon. In no event shall Plaintiffs be entitled to recover more than the sum of $205,283.19 under paragraphs 2 and 3 hereunder plus all accrued post-judgment interest thereon from the date of entry of this Order plus all costs and attorney's fees allowed by applicable law.

4.     The Court shall retain jurisdiction over this matter for purposes of enforcement of the provisions of this Judgment including any proceedings supplementary to judgment which are necessary for Plaintiffs to enforce the provisions of this Judgment. This retention of jurisdiction shall not however act to deprive any other court which has concurrent jurisdiction to enforce the terms of this Judgment.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2020

Stipulated and agreed to:

| | |
|---|---|
| MADDIN HAUSER,<br>ROTH & HELLER, P.C. | WINEGARDEN, HALEY, LINDHOLM,<br>TUCKER & HIMELHOCH, PLC |
| /s/ Craig E. Zucker<br>CRAIG E. ZUCKER (P39907)<br>Co-Attorneys for Plaintiffs<br>28400 Northwestern Hwy, 2nd Floor<br>Southfield, MI 48034<br>(248) 354-4030<br>czucker@maddinhauser.com | /s/ Zachary R. Tucker  (by consent)<br>ZACHARY R. TUCKER (P75263)<br>Attorneys for Defendants Markee Electric,<br>Inc, and Rick Markee, individually<br>9460 S. Saginaw Rd., Suite A<br>Grand Blanc, Michigan 48439<br>(810) 767-3600<br>ztucker@winegarden-law.com |

- and -

WATKINS, PAWLICK,
CALATI & PRIFTI, P.C.
Hope L. Calati, Esq.
1423 E. Twelve Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
hcalati@wpcplaw.com